Nomi L. Castle (Bar No. 113636)
David C. Romyn (Bar No. 144602)
Robert Nida (Bar No. 196081)
Marian K. Selvaggio (Bar No. 224072)
**CASTLE & ASSOCIATES**
**A Professional Law Corporation**
8383 Wilshire Boulevard, Suite 810
Beverly Hills, California 90211-2425
Telephone:   (310) 286-3400
Facsimile:    (310) 286-3404
rnida@castlelawoffice.com
mselvaggio@castlelawoffice.com

Alexander F. Stuart (Bar No. 96141)
Ellyn E. Nesbit (Bar No.136398)
**WILLOUGHBY, STUART, BENING & COOK, INC.**
50 W. San Fernando St., Suite 400
San Jose, California 95113
Telephone:   (408) 289-1972
Facsimile:    (408) 295-6375

Attorneys for Plaintiff TUTOR-SALIBA
CORPORATION/ O & G INDUSTRIES, INC., JV.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUTOR-SALIBA CORPORATION/ O &G INDUSTRIES, INC., JV, | No. 2:15-CV-01253 |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| vs. | |
| STARR EXCESS LIABILITY INSURANCE COMPANY, LTD., | DEMAND FOR JURY TRIAL |
| Defendant. | |

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

Plaintiff Tutor-Saliba Corporation/O &G Industries, Inc., JV ("JOINT VENTURE" or "Plaintiff") brings this Complaint for Declaratory Judgment and alleges as follows:

### DISCUSSION

1.      This is a dispute concerning insurance coverage and arbitration provisions within a third layer excess policy on an Owner Controlled Insurance Program for a public works project in the City of Los Angeles.

### PARTIES

2.      Plaintiff TUTOR-SALIBA CORPORATION/ O & G INDUSTRIES, INC., JV is, and at all times material to this action was, a joint venture comprised of Tutor-Saliba Corporation, a California corporation, and O & G Industries, Inc., a Connecticut corporation, with its principal place of business in the Central District of California.

3.      Plaintiff is informed and believes that at all times material to this action, Defendant STARR EXCESS LIABILITY INSURANCE COMPANY, LTD. ("STARR" or "Defendant"), was a Delaware corporation with its principal place of business in New York. STARR is a surplus lines insurer not admitted to transact business in California.

### JURISDICTION

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 and §2201. There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. §2201 exists between the parties.

/ / /

/ / /

/ / /

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

**VENUE**

5.     Venue is proper in the Central District of California under 28 USC §1391(a), in that a substantial part of the events giving rise to the claims asserted herein occurred in this District, and defendant is subject to personal jurisdiction in this District at the time of commencement of this action.

**UNDERLYING LITIGATION**

6.     This action arises from an underlying lawsuit brought by the City of Los Angeles against the JOINT VENTURE and other defendants in the California Superior Court for the County of Los Angeles, bearing case no. YC069354 ("City Lawsuit").  A copy of the First Amended Complaint is attached hereto as Exhibit "B."  For information purposes and without an admission of the facts by the JOINT VENTURE, the City Lawsuit alleges that the JOINT VENTURE and other defendants are legally responsible for alleged property damage sustained by the City of Los Angeles at the Los Angeles International Airport, including the following language alleging damage to existing property in Paragraph 15: "Additionally, the incorporation of these deficiencies in material and work into the overall construction of the runway damaged the previously constructed existing work and the necessary repair and replacement of the incorporated defective work and material has and will result in damage to the previously existing portions of old runway above the Sepulveda Tunnel and will prevent uninterrupted operations of the runway and maintaining the runway as intended".  Paragraph 16 goes on to allege that the JOINT VENTURE engaged in "damaging Plaintiff's existing property" and "Plaintiff was and is further damaged when the deficient concrete and negligent means of placing and finishing the concrete was worked into previous sections of the work thereby physically damaging existing sections of the runway."   The City Lawsuit has been deemed "complex" by the Superior Court and remains at the earliest stages of litigation. The parties have yet to agree on an initial case

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

management order, and the parties in the lawsuit continue to name additional parties and challenge pleadings. The JOINT VENTURE has filed its answer denying all allegations made against it. The liability matters in that case have yet to be determined.

7.    The City Lawsuit involves a project for which the JOINT VENTURE provided construction services that were insured for liability under an Owner Controlled Insurance Program ("OCIP") that included a commercial general liability insurance policy with liability limits of $2 million per occurrence, and three following forms of excess liability policies with combined policy limits of $200 million each occurrence.  The JOINT VENTURE has provided notice of the lawsuit to all of the insurers, as required by OCIP contract documents.  Plaintiff is informed and believes that one of those insurers is defendant STARR.

## THE STARR INSURANCE POLICY

8.    Plaintiff is informed and believes that Defendant STARR issued a third-layer following form excess liability policy for the OCIP on March 16, 2007 ("Starr Policy").  Plaintiff is informed and believes that the policy provides excess coverage for the policy period February 15, 2006 to August 15, 2010, with liability limits of $150 million each occurrence.  Plaintiff is informed and believes that the Starr Policy is excess above (1) a general liability policy issued by AIG Risk Management, Inc. with liability limits of $2 million per occurrence; (2) a first-layer excess liability policy issued by Ace American Insurance Company with liability limits of $25 million each occurrence; and (3) a second-layer excess policy issued by XL Europe Ltd. with liability limits of $25 each occurrence.

9.    Based on information and belief, Plaintiff was not provided a copy of the Starr Policy before it commenced work on the project that is the subject of the City Lawsuit.  Plaintiff was informed only that the excess insurance provided by the OCIP was following form to the commercial general liability insurance issued by

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

AIG Risk Management, Inc.  Based on information and belief, Plaintiff was not informed that the Starr Policy, unlike the commercial general liability policy it purports to follow, has an arbitration provision.  Plaintiff is informed and believes that STARR did not deliver its excess policy to the OCIP administrator until more than a year after work on the insured project commenced.

## **STARR DEMANDS ARBITRATION**

10.    On January 30, 2015, STARR sent a letter to the Vice President for Risk Management of Tutor Perini Corporation, parent company of Tutor-Saliba Corporation, and the General Counsel of O&G Industries, Inc. demanding arbitration of plaintiff's entitlement to liability coverage under the Starr Policy ("N.Y. arbitration").  The letter cited an arbitration provision in the Starr Policy that STARR claims it may enforce to compel the JOINT VENTURE to submit to binding arbitration of its right to indemnification for its potential liability to the City of Los Angeles before the City Lawsuit has been resolved.

11.    Plaintiff is informed and believes that the demand for arbitration even if valid is premature on its face, and was delivered to the JOINT VENTURE primarily for purposes of harassing the JOINT VENTURE and interfering with the JOINT VENTURE's ability to protect itself against the City Lawsuit.  It is premature for the primary reason that until the underlying City Lawsuit establishes the validity of the claims and the nature of the damages under those claims, it is factually impossible to determine the scope of coverage.  It is known, however, that at this time that the allegations raised by the City of Los Angeles in the City Lawsuit suggest that conduct of the JOINT VENTURE and others resulted in damages to adjoining property and other claims that clearly are covered by the STARR policy. While those allegations are denied, a final determination remains pending and will remain pending until the City Lawsuit is adjudicated.

/ / /

COMPLAINT

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

**AIG/STARR PATTERN OF FORUM SHOPPING AND HARASSMENT**

12.     Plaintiff is informed and believes that STARR is a member of the AIG group of insurance companies, and therefore an affiliated entity of AIG Risk Management, Inc., which issued the OCIP's commercial general liability policy.

13.     AIG on its own and by and through its subsidiaries has engaged in a pattern of filing lawsuits around the various District Courts in order to secure a pre-mature and improper judicial determination denying insurance coverage to the JOINT VENTURE (and other companies) under its AIG and STARR policies. In fact, the N.Y. arbitration constitutes the second attempt by AIG/STARR to improperly and prematurely challenge coverage to the JOINT VENTURE for its potential liability to the City of Los Angeles on the LAX  Project, first through the AIG primary coverage and now by challenging the excess or "following" coverage issued by its company, STARR.

14.     For example, AIG Risk Management, Inc. has filed a premature action for declaratory judgment in the United States District Court for the Northern District of California seeking a judicial declaration that it owes neither a duty to defend nor a duty to indemnify the City Lawsuit ("DJ Action").  Plaintiff is informed and believes that STARR is acting in concert with AIG Risk Management, Inc. or is otherwise its agent or alter-ego and is engaged in a concerted effort to harass the JOINT VENTURE and interfere with the JOINT VENTURE's ability to protect its interests by filing multiple lawsuits challenging coverage and compelling the JOINT VENTURE to defend both the premature DJ Action in the Northern District of California and the premature arbitration in the State of New York, while the JOINT VENTURE attempts to concentrate on defense of the City Lawsuit in the Superior Court of California, Los Angeles.  If permitted to move forward, STARR'S N.Y. arbitration would be the third action in as many jurisdictions that the JOINT VENTURE would have to expend resources that concerns or relates to the described policies of insurance.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

2:15-CV-01253

## CLAIM FOR DECLARATORY JUDGMENT

15.    Plaintiff repeats and incorporates the allegations of paragraphs 1 through 14.

16.    Plaintiff is informed and believes that STARR is seeking to compel arbitration under Endorsement No. 2 [FF-03] of the Starr Policy entitled "Arbitration & Choice of Law" ("Arbitration Endorsement").   A copy of the Arbitration Endorsement is attached as Exhibit A.

17.    The Arbitration Endorsement provides in pertinent part: "Any dispute arising out of or in connection with this Policy including, without limitation, its interpretation or validity, whether arising before or after termination of this Policy, and whether between the Insurer and the Insured or any person or entity deriving rights through or asserting rights on behalf of the Insured, shall be submitted exclusively to arbitration in the manner set forth herein and the arbitration award shall be the exclusive remedy available under this Policy."

18.    The Arbitration Endorsement provides further, under the heading "Choice of Law and Forum": "Any arbitration instituted pursuant to this provision shall be held in New York, New York, unless otherwise agreed to by the members of the arbitration panel."

19.    The Arbitration Endorsement provides further that the arbitration will take place before a panel of three arbitrators; that none of the arbitrators has the power to award extra-contractual, punitive or exemplary damages; and that each of the parties to the arbitration is deemed to have waived its right to extra-contractual, punitive or exemplary damages.

20.    An actual and present controversy exists between Plaintiff and STARR concerning whether the Starr Policy's arbitration, forum, choice of law and waiver of damages provisions are valid and enforceable; whether the insurance layers above

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

take precedence, and whether STARR has a right to compel arbitration before the City Lawsuit has resolved.

21.     Under the Federal Arbitration Act, the District Court determines certain preliminary matters such as the enforceability of arbitration, forum, choice of law, and waiver of damages provisions as conditions of arbitration.  Plaintiff contends that the arbitration requirement is invalid and unenforceable and that it is entitled to a judicial forum to litigate the coverage issues.  Plaintiff further contends that the New York forum provision is invalid and unenforceable.  Plaintiff further contends that the choice of law provision, to the extent STARR contends it has selected New York law, is invalid, unenforceable, and inapplicable to the Court's preliminary determinations regarding the enforceability and validity of the arbitration and forum clauses.  Plaintiff further contends that the provision purporting to waive the insured's right to pursue extra-contractual, punitive or exemplary damages, as a condition of engaging in arbitration, is invalid and unenforceable, improperly depriving Plaintiff of legal remedies for STARR's tortious conduct.

22.     As a non-admitted insurer, STARR agreed to a California judicial forum as a condition of doing business in California, and is required to submit to suit in a court of law in California when issues of indemnification are ripe.  Plaintiff contends that issues of indemnification are not yet ripe, as discovery has yet to commence in the City Lawsuit, the parties to that lawsuit are far from a determination of liability and damages, and it is both premature and prejudicial to impose on Plaintiff the obligation to litigate the duty to indemnify before the City Lawsuit has concluded.

23.     Plaintiffs are informed and believe that STARR contends that the policy provisions regarding arbitration, forum, choice of law, and waiver of damages are valid, enforceable, and applicable, and that the duty to indemnify is ripe for determination.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

24.    In the event that this Court determines that Plaintiffs are entitled to a judicial forum in this Court to litigate STARR's duty to indemnify, Plaintiff requests that the court stay the remainder of this lawsuit until the City Lawsuit has finally resolved.    Alternatively, if this court determines that Plaintiff must submit to arbitration, Plaintiff requests that this Court order that the arbitration take place in California, and that it stay the arbitration proceedings until the City Lawsuit has finally resolved.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    A declaration regarding whether the arbitration requirement is valid and enforceable, and specifically a declaration that that the arbitration requirement is invalid and unenforceable, and Plaintiff is entitled to a judicial forum in which to litigate the duty to indemnify under the Starr Policy;

2.    A declaration regarding whether the New York forum clause is valid and enforceable, and specifically a declaration that the clause is invalid and unenforceable, and Plaintiff is entitled to a California forum;

3.    A declaration regarding the applicable law for interpretation and enforcement of the Starr Policy, and specifically a declaration that California law applies to the preliminary issues regarding the enforceability of the arbitration and forum clauses, and to the duty to indemnify;

4.    A declaration regarding whether the waiver of extra-contractual, punitive or exemplary damages provision is valid and enforceable, and specifically a declaration that the clause is invalid and unenforceable;

5.    In the alternative, a declaration or order staying or enjoining the New York Arbitration until final liability has been established in the City Lawsuit;

6.    After final liability has been established in the City Lawsuit, a declaration that STARR must indemnify the JOINT VENTURE under the STARR policy for any liability in the City Lawsuit;

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

COMPLAINT
2:15-CV-01253

7.   In the alternative, pursuant to California Insurance Code §1772 and other law, if Arbitration is required to proceed at any time, any arbitration is ordered to be conducted in Los Angeles, California with the application of California law;

8.    Costs of suit incurred herein; and

9.    Such other and/or different relief as the Court may deem just and proper.


Dated:  February 20, 2015

CASTLE & ASSOCIATES
A Professional Law Corporation


By:    _____/ s /_____

Nomi L. Castle
David Romyn
Robert Nida
Attorneys   for   Plaintiff   the   TUTOR-SALIBA   CORPORATION/   O   &   G INDUSTRIES, INC., JV.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  February 20, 2015

CASTLE & ASSOCIATES
A Professional Law Corporation


By: _____/ s / _____
     Nomi L. Castle
     David Romyn
     Robert Nida
     Attorneys for Plaintiff the TUTOR-SALIBA CORPORATION/ O & G INDUSTRIES, INC., JV.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400